THE STATE, EX REL. NORMAN L. ROWE, v. THE BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY.

A resolution of a board of chosen freeholders appointing a lawyer as "attorney to the board" does not place him in "an office or position" which is within the protection of the Veteran acts.

On application for *mandamus.*

Argued at June Term, 1897, before Justices Dixon, Ludlow and Collins.

For the relator, *John A. Dennin.*

For the respondent, *John Griffin.*

The opinion of the court was delivered by

Dixon, J.    On August 1st, 1895, the board of chosen freeholders of Hudson county, by resolution, appointed Mr. Rowe, a member of the bar of this state, as "attorney to the board" without defining the term, his compensation to be at the rate of $1,800 per annum.    The subsequent board having removed him, he being an honorably-discharged Union soldier, claims the protection of the Veteran act of March 14th, 1895. *Gen. Stat.,* p. 3702.

But this statute applies only to offices, and positions which are analogous to offices in the permanence of the duties which pertain to them. *Lewis* v. *Jersey City,* 22 *Vroom* 240; *Stewart* v. *Hudson County Freeholders, ante p.* 117.

There is no law creating or recognizing such an office as attorney to the board of chosen freeholders, and we think the whole force of this resolution was to employ Mr. Rowe as attorney of that particular board, so that when the board expired by limitation of the law, his employment as its attorney necessarily came to an end. His duties, not being otherwise defined, were only temporary in their nature, and therefore his post was not within the scope of the Veteran acts.

The rule for *mandamus* must be discharged.