## GIBBONEY v. BOARD OF CHOSEN FREEHOLDERS OF CAMDEN COUNTY.

(Circuit Court of Appeals, Third Circuit. April 20, 1903.)

### No. 16.

1. PROSECUTOR OF PLEAS—POWER UNDER COMMON LAW TO BIND COUNTY.

Under the common law of New Jersey, the prosecutor of the pleas had no power to bind the county by a contract with a detective to secure evidence of violations of the liquor and gambling laws.

2. SAME—STATUTORY POWER—APPROVAL OF EXPENSES INCURRED BY PRESIDING JUDGE.

Under section 95 of the New Jersey act (Revision of 1898, pp. 866, 901), providing that it shall be the duty of the prosecutor of the pleas to use all reasonable diligence for the detection and conviction of offenders against the laws, and that all necessary expenses incurred thereby, certified to, and approved under his hand by, the presiding judge, shall be paid by the board of chosen freeholders, a contract of the prosecutor of the pleas with a detective to secure evidence of violations of the liquor and gambling laws was not binding on the county, where the bill for such services was neither certified to, nor approved by, the presiding judge.

3. SAME—APPROVAL OF CONTRACT BY PRESIDING JUDGE.

An approval of such contract by the presiding judge did not fulfill the requirement of the statute that the expenses incurred should be approved by him.

4. DIRECTION OF VERDICT.

Where, under the ruling of the court, plaintiff was not entitled to recover on the contract sued on, and he did not ask leave to take a voluntary nonsuit, nor did defendant move for a compulsory nonsuit, it was proper to direct a verdict for defendant.

5. JUDGMENT IN ACTION ON CONTRACT—CONCLUSIVENESS.

A judgment that plaintiff could not recover against the county on the contract of the prosecutor of the pleas sued on does not preclude him from pursuing the proper remedy to enforce his claim for compensation for services rendered.

In Error to the Circuit Court of the United States for the District of New Jersey.

E. A. C. Bleakley and Henry F. Stockwell, for plaintiff in error.

George J. Bergen and David J. Pancoast, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

ACHESON, Circuit Judge. This was an action at law brought by David C. Gibboney, a citizen of the state of Pennsylvania, against the board of chosen freeholders of the county of Camden, a body corporate of the state of New Jersey, upon an alleged contract entered into by the prosecutor of the pleas in and for the county of Camden with the plaintiff. The plaintiff's declaration alleged that in the year 1899 he was employed by the prosecutor of the pleas for the county of Camden, N. J., to do certain detective work, and secure evidence of violations within said county of the liquor and gambling laws, and that by the terms of the contract the plaintiff was to receive a stipulated amount for evidence furnished of each and every violation of said laws within that county; that, relying upon the

contract, the plaintiff undertook the performance of this work, and secured evidence of a certain number of specific violations of said laws, but that notwithstanding the contract so made, and services rendered by the plaintiff thereunder, the defendant had neglected and refused to pay him the money so agreed to be paid.

At the trial of the case the plaintiff made sundry offers of evidence to show the making of the alleged contract in the year 1899 by the then prosecutor of the pleas in and for the county of Camden with the plaintiff; the performance by the plaintiff of the stipulated services, whereby the county realized in fines and costs upwards of $20,000, and accepted the same; the death of the prosecutor of the pleas who made the contract; a request of his successor in office, the present prosecutor of the pleas, to certify the plaintiff's bill, and his refusal so to do; that the means adopted by the then prosecutor of the pleas were reasonable, and the expenses incurred necessary; that at the time the contract sued on was made the matter was submitted to the then judge of the court of quarter sessions of the county of Camden, and that he approved of the making of the contract, of the reasonableness of the means, and the necessity of incurring this expense; and that the plaintiff requested the board of chosen freeholders to pay or settle the claim, but that they refused to act, owing to the fact that it was not certified by the deceased prosecutor of the pleas. These offers were overruled, and the court instructed the jury to render a verdict for the defendant, which was done. Afterwards judgment was entered for the defendant. The several rulings of the court are before us on bills of exception and assignments.

The ninety-fifth section of the New Jersey act approved June 14, 1898, entitled "An act relating to courts having criminal jurisdiction and regulating proceedings in criminal cases" (Revision of 1898, pp. 866, 901), enacts as follows:

"It shall be the duty of the prosecutor of the pleas for each county to use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws; and all necessary expenses incurred thereby certified to and approved under his hand by the judge of the court of oyer and terminer, or the judge of the court of quarter sessions for any county, shall be paid by the board of chosen freeholders thereof."

This section is a substantial re-enactment of section 100 of the New Jersey act approved March 27, 1874, entitled "An act regulating proceedings in criminal cases." Revision of the Statutes of New Jersey (Ed. 1877) p. 286.

Section 100 of the act of 1874 was considered by the New Jersey Supreme Court in Lindabury v. Freeholders of Ocean, 47 N. J. Law, 417, 427, 1 Atl. 701. That was a proceeding by mandamus to compel the board of chosen freeholders of the county of Ocean to pay a bill for expenses incurred under section 100 of the act of 1874, and duly certified and approved as therein provided. Of this legislation the court said:

"The statute in question contains no words implying a discretion in the board of freeholders. The board is not called upon to audit and allow accounts presented under this act. The act requires the expenses to be verified—that is, shown to be reasonable and necessary—not to the board of freeholders, but to the presiding judge, and the approval of the expenses

devolves upon him; and upon approval under his hand the act declares that the expenses shall be paid by the board of freeholders. The duty to audit and allow is delegated to the presiding judge, and his approval is the voucher upon which payment is to be made. His certificate is made a final determination of the obligation to pay, and of the sum to be paid, as much as if it had been expressly fixed by statute."

This statute (section 100 of the act of 1874) was again considered by the New Jersey Supreme Court in Irving v. Applegate, 49 N. J. Law, 376, 379, 8 Atl. 505, which was also a proceeding by mandamus. In delivering its opinion, the court said:

"Before the passage of the act of 1874, bills of this character were not legal charges against a county. There was no law authorizing such claims. * * * The 100th section of that act, which legalizes such expenses, at the same time prescribed the method by which the expenses thus legalized should be audited and determined."

The Supreme Court there further said:

"The law of 1874 is imperative in its terms. The presiding judge must pass upon, and, if allowed, audit, the bill of expenses. His approval and certificate regularly made are conclusive. Neither the board of chosen freeholders, nor the county auditor, can call the bill in question, either as to its legality or amount. This court cannot question the amount of such a bill, duly certified by the judge. The board of chosen freeholders are by law required to pay the bill as determined by the presiding judge. When approved and certified, it has the force of a judgment against the county, which the board of chosen freeholders are legally bound to pay. Like a judgment against the county, it is not a proper subject of audit either by the board or the county auditor, and should not have been referred to the auditor by the board."

No case has been brought to our attention putting any different interpretation upon the 100th section of the act of 1874, or the 95th section of the act of 1898. We think it clear that by the common law of the state of New Jersey the prosecutor of the pleas has no power to bind the county by such a contract as the plaintiff has sued on. The authority of the prosecutor of the pleas in such matter as this is altogether statutory, and to make expenses incurred by him in the detection, arrest, indictment, and conviction of offenders against the laws a legal charge against the county, the terms and conditions prescribed by the statute must be complied with. The plaintiff's bill was neither certified to, nor approved by, the judge of the court of oyer and terminer or the judge of the court of quarter sessions for the county of Camden. We are of opinion, then, that the court below was right in its several rulings. Under the law of New Jersey, which is here controlling, the judgment of the jury could not be substituted for that of the judge of the court of oyer and terminer or the judge of the court of quarter sessions.

Nor was it competent to show that at the time the contract in suit was made the matter was submitted to the then judge of the court of quarter sessions, and that he approved of the making of the contract. Such proof would not fulfill the provisions of the statute, which requires the approval under his hand by the presiding judge of the expenses incurred upon the certification to him.

The assignment that the court erroneously directed the jury to find a verdict for the defendant, we think, is without valid basis. The

plaintiff did not ask leave to take a voluntary nonsuit, nor did the defendant move for a compulsory nonsuit. The only course then left to the trial court was a direction for a verdict for the defendant. Doubtless the judgment here is conclusive against the plaintiff's right to maintain an action at law against the board of chosen freeholders of the county of Camden upon the contract made with him by the prosecutor of the pleas, standing by itself, but this judgment does not preclude the plaintiff from pursuing the proper remedy to enforce what seems to be a just claim for compensation for the services he rendered.

The judgment of the Circuit Court is affirmed.