JOHN D. ROTHERHAM, JR., RELATOR, v. PHILIP WILLIAM GRECE, JUDGE OF THE SECOND DISTRICT COURT OF THE CITY OF JERSEY CITY, DEFENDANT.

Argued October 1, 1935—Decided February 19, 1936.

Before Justices CASE and BODINE.

For the relator, *William A. O'Brien* (*John Drewen,* of counsel).

For the defendant, *Carey & Lane* (*Robert Carey* and *Harry Lane,* of counsel).

The opinion of the court was delivered by

CASE, J.   Philip William Grece was, in February, 1930, appointed judge of the Second District Court of the City of Jersey City for a term of five years.   On August 20th, 1932, he appointed, effective as of August ·22d, 1932, John D. Rotherham, Jr., to be his confidential employe or agent in that judgeship.   In February, 1935, Grece was reappointed and on February 20th, 1935, was sworn to his new term.   On February 25th, 1935, effective February 28th, 1935, he summarily informed Rotherham that the latter's employment was terminated.   Rotherham appeal to the civil service commission which decided that by reason of the fact that the position was in the unclassified service the commission had no jurisdiction.   This is the return of a rule, sued out by Rotherham, directing the District Court judge to show cause why a peremptory or alternative writ of *mandamus* should not issue directing restoration of Rotherham to his job.

The legal authority to set up the employment is not questioned.   It remains, however, that the only apparent statutory authority is that which specifically classifies the employment as not in the classified service; viz., chapter 176 of the Pamphlet Laws of 1930 (*Cum. Supp. Comp. Stat.* 1925-1930, *pp.* 1305 *et seq.,* §§ 144-136 *et seq.*), a supplement to the Civil Service act which in paragraph 17 of section 44 (*Cum. Supp. Comp. Stat.* 1925-1936, *p.* 1324, § 144-179, 44' (17) (m), under the caption "Definition of Terms," provides:

"The following terms, when used in this act, shall have the following meanings unless the context clearly requires otherwise * * * (17) 'Classified service' means, unless otherwise provided in this act, all positions in the state service, whether paid or unpaid, whether full time or part time, whether existing or hereafter created, except those which are held by: * * * (m) One clerk or secretary and one confidential employe or agent to each * * * judge * * * when the said * * * judge * * * certifies to the civil service commission that such clerk or secretary and such additional confidential employe or agent is essential to the work of the court * * *." The prosecutor of the rule obviously accepts as sound the conclusion that he has no tenure under the civil service laws but now asserts that he is entitled to protection by the terms of the Veterans' Tenure act. *Pamph. L.* 1907, *ch.* 14; 4 *Comp. Stat., p.* 4873, § 63; *Pamph. L.* 1929, *ch.* 29; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1747, § 191-63.

The question of whether or not the duties actually performed by Rotherham were of a confidential nature is not to the point. It may be, as argued, that the judge, in declining to retain Rotherham, was motivated by unethical political considerations, and indeed—which is not argued—that the very setting up of the employment was attributable to those influences. To moralize thereon would help to settle no issue in the case. It is, however, important to determine whether the employment, which we shall assume is authorized by the legislative enactment, is, by the intent of the act, confidential in character. It seems inescapable that the expression "one confidential employe or agent" comprehends none other than one who shall perform confidential services. And since the services are to be confidential it is difficult to imagine their nature unless they are to fall within the field of the judge's own activities, for which he is himself responsible and for the doing of which another who is within the confidence of the judge may be by him selected. This particularly because the services of the court clerk and of the sergeant-at-arms continue without interruption. The appointment is such, we think, as does not out-last the term of the appointing officer. Lacking earlier termination it ends with the last mentioned term. Its

maximum extent synchronizes with the term of the judge. In that sense the term, if the duration of the employe's service may be called a term, is fixed by law and therefore was not within the protection of the Veterans' Tenure act. The interval of a few days between the expiration of the period of the employment and the formal notification to Rotherham of the termination of his employment does not constitute a new appointment or a ratification of a continuance of the old employment. *Skladzien* v. *Board of Education of Bayonne,* 12 *N. J. Mis. R.* 602; 173 *Atl. Rep.* 600; *affirmed,* 115 *N. J. L.* 203; 178 *Atl. Rep.* 793.

We think, too, that the work to which prosecutor was appointed was neither an office nor a position, and if this be so he is not entitled to a writ of *mandamus*. The duties are not assigned by any public law. They are not certain. There is nothing to prove that they are permanent. The statutory language—a confidential *employe*—suggests that the work is merely an employment. It is, we think, quite consistent with the statute that the judge or other officer who makes such an appointment may later terminate the employment as well as the service of a particular employe.

We find that the occupation is not one to which the legislature intended to give tenure. On the merits, therefore, the prosecutor is not entitled to prevail.

Also, it may well be doubted whether prosecutor, in waiting for four months after the act of which he complains before he sought the rule, is free of *laches*.

The writ will be denied and the rule discharged, with costs.