JOSEPH A. McCALLION, JAMES F. LANNON AND LEONARD SCHLICK, PROSECUTORS, v. DONALD ALLAN, SUPERINTENDENT OF ELECTIONS OF HUDSON COUNTY, RESPONDENT.

Submitted January 15, 1946—Decided June 7, 1946 ·

Before Justices DONGES, HEHER and COLIE.

For the prosecutors, *T. James Tumulty* (*Ezra L. Nolan,* of counsel).

For the respondent, *Michael G. Comunale* (*Frank J. V. Gimino,* of counsel).

The opinion of the court was delivered by

COLIE, J. Each of the prosecutors is a veteran of the first world war and each was employed by the Hudson County Board of Elections as assistant custodian and mechanic in its warehouse division. By chapter 56 of the laws of 1945, *R. S.* 19 :48–4 was amended to place voting machines in first class counties in the custody of the superintendent of elections. At the times with which we are dealing, the respondent, Donald Allan, was superintendent of elections of Hudson

County and empowered by *R. S.* 19:32–2 to "appoint * * * any other assistants he considers necessary to carry out the provisions of this title, and may remove the same whenever he deems it necessary. Those so appointed shall not be subject to any of the provisions of title 11, Civil Service, but shall be in the unclassified service."

On August 1st, 1945, each of the prosecutors received a letter from the superintendent of elections, advising him that his services would be terminated as of August 15th, 1945. By written stipulation it was agreed between the attorneys of the respective parties that "the sole question herein is whether the prosecutors had such an employment as entitled them to the protection of the provisions of *R. S.* 38:16–1." That statute provides that any person holding a position or office under the government of any county whose term of office is not fixed by law and who receives a salary from the county and who has been honorably discharged from the service of the United States, shall not be removed except for good cause shown after a fair and impartial hearing, but shall hold his position during a good behavior. A veterans' tenure statute, substantially the same as *R. S.* 38:16–1, has been on the statute books since 1907 and the benefits extended thereby are not to be taken away without sound reason therefor.

*R. S.* 19:32–1, *et seq.,* had its source in chapter 9, laws of 1923, which in turn was a supplement to chapter 139 of the laws of 1898, entitled "An act to regulate elections (Revision of 1898)." The 1923 statute above referred to created for counties of the first class a new office, known as superintendent of elections, and enumerated his powers and duties. Among the former, the legislature gave to him "power to appoint a chief deputy, a clerk, a secretary and such other assistants as he may deem necessary to carry out the provisions of this act, and may remove the same whenever he deems it necessary so to do." It is manifest from a reading of the various enactments dealing with the office of superintendent of elections that from its inception in 1923 until and including the last amendment thereof by chapter 304, laws of 1945, the legislature clearly intended to give to such officer the power of removal of employees. Furthermore, a reading of *R. S.*

19:32–1, *et seq.*, leaves no doubt that the legislature intended by that enactment to effect a complete reorganization of the machinery in regard to the subject-matter of elections in first class counties. In *DiAngelo* v. *Keenen*, 112 *N. J. L.* 19, Mr. Justice Heher, writing for the Supreme Court and dealing with a situation closely akin to the present one said: "We discern a legislative purpose, in the instant case, to effect a complete reorganization of the supervising governmental agency in this particular field. The reconstruction process was not to be hampered by prior enactments, or the assertion of individual or other rights springing therefrom. The commission created by the repealed acts was superseded by a single commissioner, and a legislative intent to vest this officer, when appointed, with full power to select the departmental personnel is evident. It was patently intended to terminate the tenure of the holders of all departmental offices and positions. Section 2 provided that the commissioner, to be appointed under the provisions of the act, shall have the assistance of a chief inspector (whose salary is fixed by the act) 'and such referees, inspectors, other officials and clerical help as he shall deem necessary in order to effectively administer the provisions of this act.' He (the commissioner) 'may appoint, and, at his pleasure, remove all or any of the same.' It is further provided that 'none of said appointees' shall be subject to the provisions of the Civil Service Act. The repealed statute did not contain either the power of removal, or the provision exempting these appointees from the provisions of the civil service law.".

We consider the above-quoted language to be peculiarly applicable to this case and the principle therein enunciated to be dispositive against prosecutors' claim to be restored to their positions. The writ of *certiorari* is dismissed, with costs.