JEROME L. KESSLER, PROSECUTOR, v. DUANE E. MINARD, JR., PROSECUTOR OF THE PLEAS OF ESSEX COUNTY, NEW JERSEY, AND THE BOARD OF CHOSEN FREE-HOLDERS OF ESSEX COUNTY, DEFENDANTS.

Argued October 1, 1946—Decided November 14, 1946.

Before Justices BODINE and PERSKIE.

For the prosecutor, *Pitney, Hardin, Ward & Brennan* (*William J. Brennan, Jr.*).

For the defendants, *Arthur T. Vanderbilt* and *G. Dixon Speakman*.

The opinion of the court was delivered by

BODINE, J. The prosecutor of this writ was honorably discharged from the United States Army.

On April 14th, 1944, the Prosecutor of the Pleas of Essex County, now Mr. Justice Wachenfeld, informed the Essex County Board of Freeholders that he had appointed as a legal assistant in his office, Lieutenant Jerome L. Kessler, to replace Mr. Millman who had died a short time before. "His salary will be the same as already fixed, to wit, $2,400." On May 25th, 1944, the freeholders adopted resolution No. 13184 as follows: "Resolved on the recommendation of the Finance Committee, that the action of the Prosecutor of the Pleas in appointing Jerome Kessler to the position of Legal Assistant in the Office of the Prosecutor of the Pleas at the compensation of $2,400 per annum, effective April 24th, 1944, to serve until the further action of this Board, be and the same is hereby approved."

Subsequently, Mr. Duane E. Minard, Jr., was appointed Prosecutor of the Pleas to succeed Mr. Justice Wachenfeld, and assumed office April 30th, 1946. Thereafter he addressed a letter to Mr. Kessler, of which the following is a copy: "Jerome L. Kessler, Esq., Prosecutor's Office, Court House, Newark, N. J. Dear Sir: This is to notify you that your services in this office are terminated effective May 21st, 1946, and that vacation with pay will commence May 1st, 1946. Very truly yours, Duane E. Minard, Jr., Prosecutor."

There was no trial or hearing, and it is the contention of the prosecutor of the writ that the Veterans' Act was violated. The pertinent language of the present enactment, R. S. 38:16–1, as amended Pamph. L. 1942, ch. 83, p. 326, is as follows: "No person now holding any employment, position or office under the government of this State, or the government of any county or municipality * * * whose term of employment, office or position is not now fixed by law, and receiving a salary from such * * * county * * *, who has served as a soldier * * * in any war of the United States * * * and has been honorably discharged from the service of the United States * * * shall be removed from

such employment, position or office, except for good cause shown * * * &c."

Counsel for prosecutor of the writ contends that Kessler's appointment was for a term not fixed by law, and that he is protected by *R. S.* 38:16–1. Further, that his incumbency, at all events, is unaffected by the present Prosecutor of the Pleas' action, since it was not concurred in by the Board of Freeholders; that since the appointment was until the further action of the Board of Freeholders and the power to appoint to the office was vested in the freeholders by *R. S.* 40:21–3, the action of the present Prosecutor of the Pleas was a nullity.

By *R. S.* 2:182–5, the Prosecutor of the Pleas is vested with a duty to use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the law.

By *R. S.* 2:182–13, he is authorized to appoint assistant prosecutors. There is no provision of law for the employment, however, of legal assistants. The Freeholders' Act, above referred to, *R. S.* 40:21–3, provides as follows: "In addition to the officers and employees whose appointment is specifically provided for by law, the board of chosen freeholders may appoint or provide for the appointment of such officers, agents and employees as may be required for the execution of the powers conferred upon said board or any board or *officer within the county.*" The italics ours.

It seems clear to us that Mr. Kessler was appointed pursuant to the Freeholders' Act, and was an employee of the County of Essex without a fixed term. See *Fox* v. *Board of Education of Newark,* 129 *N. J. L.* 349; *affirmed,* 130 *Id.* 528.

The argument is made, in behalf of the defendants in *certiorari,* that the prosecutor had no legal employment. This begs the question because he was employed by the freeholders pursuant to their legal duty to provide for the employment of such employees as were required for the proper execution of the powers conferred by law upon any officer within the county. Obviously, Mr. Kessler was such an employee and he did not hold for a fixed term.

This is not a case where the legislature expressed an intent to change an entire agency charged with a legal duty as in *McCallion* v. *Allan,* 134 *N. J. L.* 322, but merely a case where a county employee was appointed to perform duties in the office of the Prosecutor of the Pleas for a term not fixed except at the pleasure of the freeholders.

Clearly, the provisions of the Veterans' Act applied and the letter above quoted from the present Prosecutor of the Pleas was a nullity, unless the provisions of the Veterans' Act are to be put to sleep. All other points raised in the brief of counsel for the defendants have been considered but require no further discussion.

The action in purporting to remove the prosecutor of the writ was a nullity and is set aside.