31 N.J. 320 (1960)
157 A.2d 297
DON A. CETRULO, PLAINTIFF-APPELLANT,
v.
BRENDAN T. BYRNE, DEPUTY ATTORNEY GENERAL, AND ACTING PROSECUTOR, COUNTY OF ESSEX, ET AL., DEFENDANTS-RESPONDENTS.
The Supreme Court of New Jersey.
Argued October 27, 1959.
Decided January 11, 1960.
*322 Mr. Philip J. Mylod argued the cause for the appellant (Messrs. Mylod & Mylod, attorneys; Mr. James P. Mylod, of counsel).
Mr. John F. Crane, Deputy Attorney General, argued the cause for the respondents David D. Furman, Attorney General of New Jersey, and Brendan T. Byrne, Prosecutor, Essex County, and Joseph P. Lordi, Deputy Attorney General (Mr. David D. Furman, Attorney General of New Jersey, attorney).
Mr. Nicholas T. Fernicola argued the cause for the respondent The Board of Chosen Freeholders, Essex County (Mr. George H. Callahan, on the brief).
Mr. John Tomasin, Attorney for the Department of New Jersey, Disabled American Veterans, filed a brief amicus curiae.
*323 The opinion of the court was delivered by JACOBS, J.
The Law Division, for the reasons expressed in its opinion reported at 55 N.J. Super. 199 (1959), granted the defendants' motions for dismissal and summary judgment. The plaintiff appealed to the Appellate Division and while his appeal was pending there we certified it on our own motion.
On June 28, 1956 the Board of Chosen Freeholders of Essex County adopted a resolution appointing the plaintiff Don A. Cetrulo "to the position of Legal Assistant Prosecutor at the salary range heretofore fixed for said position to commence at the minimum salary of $5,040.00 per annum effective July 16, 1956, to serve until further action of this Board." Mr. Cetrulo served in the Essex County Prosecutor's office under Prosecutor Webb who resigned effective February 16, 1959. He was duly notified by Deputy Attorney General Byrne (who had been designated by Attorney General Furman to assist him in prosecuting the criminal business of the State in Essex County (see N.J.S.A. 52:17A-4, 5) that his duties as legal assistant prosecutor would be terminated effective February 16, 1959. Thereafter he filed his Law Division complaint in lieu of prerogative writ, alleging that as a veteran he was entitled to the tenure protection afforded by N.J.S.A. 38:16-1 and seeking reinstatement as legal assistant prosecutor with back pay. Cross motions for summary judgment were filed by the plaintiff and the Attorney General and the Board of Freeholders filed a motion to dismiss. After hearing argument and considering the briefs which had been submitted to him, Judge Coolahan concluded that the Board of Freeholders had no power to appoint the plaintiff to the position of legal assistant prosecutor and that if the plaintiff's service in the office of the former prosecutor constituted employment by him under the powers afforded to the prosecutor by N.J.S. 2A:158-5, it was dependent upon the will of the prosecutor, could not go beyond the term of the former prosecutor, and was therefore fixed by law and beyond the *324 protection of the Veterans' Tenure Act, N.J.S.A. 38:16-1 et seq. He denied the plaintiff's motion for summary judgment, granted the Attorney General's motion for summary judgment and the Board of Freeholders' motion to dismiss and entered judgment accordingly.
The highly important office of county prosecutor has ancient origins in our State. See State v. Winne, 12 N.J. 152, 164 (1953); Winne v. Bergen County, 21 N.J. 311, 322 (1956); Morss v. Forbes, 24 N.J. 341, 365 (1957). Our first State Constitution contained a reference to the office of Attorney General whose early practice was to prosecute the pleas in all counties either in person or through deputies chosen by him and serving at his pleasure. See Constitution of 1776, Art. 12. In 1812 the Legislature furnished express authorization for the Attorney General's appointment of deputies for those counties "which he may be unable in person to attend." L. 1812, session of Jan. 8, 2d sitting, p. 23. And in 1822 it provided for the appointment of county prosecutors by the courts and fixed their terms at five years. L. 1822, p. 25. The second Constitution provided that the Attorney General and the county prosecutors shall be appointed by the Governor with the advice and consent of the Senate and shall hold their respective offices for five years (Constitution of 1844, Art. 7, § 2, par. 3); shortly after the adoption of the 1844 Constitution the court, in State ex rel. Clawson v. Thompson, 20 N.J.L. 689, 690 (Sup. Ct. 1846), noted that the Attorney General is the law officer of the State with power to prosecute the criminal pleas in every county while the power of the prosecutor to prosecute the criminal pleas is "confined to the county for which he is appointed." Our third and most recent Constitution, adopted in 1947, provides in Article 7, § 2, par. 1, that county prosecutors shall be appointed by the Governor with the advice and consent of the Senate, that their term of office shall be five years, and that they shall serve until the appointment and qualification of their respective successors.
*325 In State v. Winne, supra, 12 N.J., at page 167, Chief Justice Vanderbilt referred to the prosecutor's dominant position and primary responsibility for the enforcement of the criminal laws in his county and he cited various legislative enactments which have from time to time given him not only express powers to appoint designated assistants but also implied powers to appoint additional personnel when needed for the proper discharge of his duties. Under N.J.S. 2A:158-5 (formerly R.S. 2:182-5) the prosecutor is directed to "use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws"; and under N.J.S. 2A:158-7 (formerly R.S. 2:182-7) the necessary expenses incurred by the prosecutor in the detection, arrest, indictment and conviction of offenders against the laws are to be paid by the county treasurer upon approval by a judge of the Superior or County Court and the board of freeholders. See Adamo v. Bergen County, 13 N.J. Misc. 528 (Cir. Ct. 1935).
In Lindabury v. Board of Chosen Freeholders of Ocean, 47 N.J.L. 417 (Sup. Ct. 1885), the Ocean County prosecutor employed the plaintiff to assist him in the preparation of a case for trial. In due course the plaintiff submitted his bill for services which was approved and paid, but only in part, by the board of freeholders. The plaintiff then instituted his action to compel payment of the balance; in sustaining the plaintiff's action the court, through Justice Depue, had this to say with respect to what was then section 100 of the Criminal Procedure Act (see N.J.S. 2A:158-5, -7):
"The language of the section quoted is quite general. It is made the duty of the prosecutor `to use all reasonable and lawful diligence for the detection, indictment, and conviction of offenders,' and the payment of `all necessary expenses incurred thereby' is enjoined upon the board of freeholders. A construction of the statute which would restrict its provisions to the personal efforts of the prosecutor and his personal expenses, without authority to employ other means and instrumentalities to aid him in the discharge of his duty, and to incur expense thereby, would be too narrow to effect *326 the legislative purpose. On such a construction the prosecutor would not be able to have a diagram prepared, nor to have a chemical analysis made, nor to employ a detective, with any assurance that the expense necessarily incurred thereby would be paid. Such a construction would leave to a prosecutor an excuse for the lax performance of duty, that he had no authority to incur the requisite expense. The plain intent of the statute was to confer upon the prosecutor authority to provide reasonable means to aid him in the performance of his official duties, with a guaranty that the necessary expenses incurred should be paid; and it was left to the court, by the certificate and approval of the presiding judge to determine the reasonableness of the means employed, and the necessity of the expenses incurred." (47 N.J.L., at pages 423-424)
In Murphy v. Bd. of Chosen Freeholders of Bergen Co., 110 N.J.L. 9 (Sup. Ct. 1932), the prosecutor of Bergen County appointed several investigators in 1930; at that time there apparently was no express statutory provision relating to the appointment of investigators (see N.J.S. 2A:157-1 et seq.) and the court stated that the appointments must therefore have been by "virtue of the power reposed in him" to use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws. See N.J.S. 2A:158-5. In 1931 the investigators were discharged without any charges or hearings and they claimed that this violated the tenure protection afforded to them as exempt firemen. See L. 1911, c. 212; N.J.S.A. 40:47-63. In rejecting this contention the former Supreme Court, through Justice Lloyd, noted that the investigators held no office or position "designated either by statute or municipal ordinance" and that "their services might be temporary or otherwise, dependent upon the needs for their services and the will of the prosecutor of the pleas." See Giannone v. Carlin, 20 N.J. 511, 518 (1956); Marjon v. Altman, 120 N.J.L. 16, 17 (Sup. Ct. 1938); Rowe v. Board of Chosen Freeholders of Hudson, 61 N.J.L. 120, 121 (Sup. Ct. 1897).
In N.J.S. 2A:157-1 et seq. (formerly R.S. 2:181-1 et seq.) the Legislature has made express provision for the appointment by the county prosecutor of detectives and *327 investigators to serve in his office; it has directed that the detectives be placed in the classified service of the civil service; and it has stipulated that the investigators serve at the pleasure of the prosecutor and be subject to removal by him. See N.J.S. 2A:157-2; N.J.S. 2A:157-10. The Legislature has also made express provision (N.J.S. 2A:158-15) for the appointment of assistant prosecutors by the prosecutors to "hold their appointments at the pleasure of the respective prosecutors"; in Vredenburg v. Sexton, 87 N.J.L. 344 (Sup. Ct. 1914), the court rejected the contention that an assistant prosecutor is entitled under the terms of the Veterans' Tenure Act to continue in his office or position despite the expiration of the term of office of the prosecutor who appointed him and the refusal of the successor prosecutor to retain him as assistant prosecutor.
N.J.S. 2A:158-15 provides that in counties in which there are two or more judges of the County Court, the prosecutor may appoint not more than 3 assistant prosecutors, one of whom shall be designated as first assistant prosecutor and the others as assistant prosecutors. Essex County has four judges of the County Court and three assistant prosecutors have been appointed by the prosecutor within the authority of N.J.S. 2A:158-15. The plaintiff concedes that he is not one of the three assistant prosecutors appointed under N.J.S. 2A:158-15 and he does not urge that he was appointed by the prosecutor as a legal assistant (or legal assistant prosecutor) under N.J.S. 2A:158-5. He contends that he was appointed directly by the board of freeholders under R.S. 40:21-3 which provides that the board "may appoint or provide for the appointment of such officers, agents and employees as may be required for the execution of the powers conferred upon said board or any board or officer within the county"; and he relies on Kessler v. Minard, 134 N.J.L. 583 (Sup. Ct. 1946), a decision by the former Supreme Court which was never passed upon by the Court of Errors and Appeals.
*328 In Kessler v. Minard, supra, Essex County Prosecutor Wachenfeld informed the board of freeholders that he had appointed Mr. Kessler as a legal assistant in his office. Thereafter the board adopted a resolution approving the prosecutor's appointment of Mr. Kessler. Prosecutor Wachenfeld resigned as prosecutor to become a member of the former Supreme Court and Mr. Minard, who was appointed to succeed him, terminated Mr. Kessler's services. Mr. Kessler, claiming the protection of the Veterans' Tenure Act, instituted an action seeking reinstatement and his claim was sustained by Justices Bodine and Perskie; they took the position that Mr. Kessler was appointed pursuant to R.S. 40:21-3 and could not be dismissed without the charges and hearing required by the Veterans' Tenure Act. Assuming, as the plaintiff contends, that the opinion in Kessler was intended to recognize a direct power of appointment in the board of freeholders rather than in the county prosecutor, we find ourselves unable to subscribe to it.
The Legislature as well as the courts have long recognized the strong policy considerations which dictate that since the county prosecutor is charged with heavy enforcement responsibilities he must be given broad powers to appoint his own personnel; thus he appoints his own assistant prosecutors and investigators within the maxima prescribed by statute (N.J.S. 2A:158-15; N.J.S. 2A:157-10 to N.J.S. 2A:157-16) and although his detectives are in the classified service of the civil service (N.J.S. 2A:157-2) he fills any vacancies which occur within the prescribed statutory provisions embraced in N.J.S. 2A:157-3 to N.J.S. 2A:157-9. If he needs additional assisting personnel he appoints them within the limitations prescribed by law and the judicial decisions. See N.J.S. 2A:158-5; N.J.S. 2A:158-7; Lindabury v. Board of Chosen Freeholders of Ocean, supra; Murphy v. Bd. of Chosen Freeholders of Bergen Co., supra. Nowhere have we found any statutory language which supports the notion that an outside legislative agency such as the board of freeholders has the right to *329 appoint assistants to the prosecutor, particularly legal assistants who are often entrusted with high enforcement responsibilities in the administration of justice comparable to those exercised by the prosecutor himself. It may be noted that when the Legislature in 1953 made express provision for legal assistants to county prosecutors in counties of the first class having a population not in excess of 800,000 (Essex County admittedly has more than 800,000), it directed that the appointment of such legal assistants shall be by the prosecutor (subject to the approval of the board of freeholders or the Superior Court Assignment Judge) and that they "shall serve at the pleasure of the county prosecutor and be subject to removal by such prosecutor." See L. 1953, c. 307; N.J.S. 2A:158-18.1; 55 N.J. Super., at pages 203-204.
In the light of the foregoing, the general authority afforded to the board of freeholders by R.S. 40:21-3 may not fairly be said to have been intended by the Legislature to encompass the extraordinary power of making direct appointments of legal assistants to the county prosecutor. Cf. Richman v. Ligham, 22 N.J. 40 (1956). The statute provides that the board "may appoint or provide for the appointment" of officers, agents and employees required for the execution of the powers conferred upon the board or "any board or officer within the county." Assuming that the office of the county prosecutor may properly be viewed as a "board or officer within the county," then it seems to us that the board's power insofar as the legal personnel of the county prosecutor's office is concerned is not a direct appointive power but is rather an implementing power to "provide for" their appointment by the prosecutor. Thus the board makes suitable provision for the payment of the salaries of the assistant prosecutors appointed by the county prosecutor and fixes their salaries where the Legislature has prescribed a range rather than a stated amount. See N.J.S. 2A:158-16; N.J.S. 2A:158-17; N.J.S. 2A:158-17.1. And where legal assistants are appointed by the county prosecutor *330 under N.J.S. 2A:158-5 he will obtain approval of the board for payment of their salaries in the light of the terms of N.J.S. 2A:158-7. See Adamo v. Bergen County, supra.
The plaintiff urges that if we find, as we do, that the Board of Freeholders had no power to appoint him to the position of legal assistant prosecutor, then we should consider him "as a de facto position holder or employee of the County of Essex" in view of his actual service under the former prosecutor. He cites Barkus v. Sadloch, 20 N.J. 551, 58 A.L.R.2d 954 (1956) where this court held that a switchboard operator had tenure through her original appointment was by the mayor rather than the governing body; Justice Burling pointed out that although her employment was invalid at its inception it was ratified by the governing body and that her status as a de facto employee for an indefinite term brought her within the Veterans' Tenure Act. In the Barkus case the governing body had statutory authority to employ the switchboard operator (see 20 N.J., at page 554) but omitted an appropriate resolution which was in effect supplied by its ratification of the employment. Here the board never had any statutory power to employ the plaintiff and while his service under the former prosecutor may perhaps be viewed as a ratification by the prosecutor which had the legal effect of an appointment by him under N.J.S. 2A:158-5, such an appointment is dependent upon the need for the service and "the will of the prosecutor" and cannot serve as the basis for tenure. See Murphy v. Bd. of Chosen Freeholders of Bergen Co., supra, 110 N.J.L., at page 10; cf. Giannone v. Carlin, supra; Marjon v. Altman, supra; Rowe v. Board of Chosen Freeholders of Hudson, supra.
The plaintiff's claim must fail not only because of the limited source of his employment but also because we find a legislative purpose to exclude the county prosecutor's confidential employees, such as his legal assistants, from the provisions of the Veterans' Tenure Act. See Ackley v. *331 Norcross, 122 N.J.L. 569 (Sup. Ct. 1939), affirmed 124 N.J.L. 133 (E. & A. 1940); Rotherham v. Grece, 14 N.J. Misc. 164 (Sup. Ct. 1936); cf. Barringer v. Miele, 6 N.J. 139 (1951); Carluccio v. Ferber, 18 N.J. Super. 473 (App. Div. 1952); McCallion v. Allan, 134 N.J.L. 322 (Sup. Ct. 1946); Di Angelo v. Keenen, 112 N.J.L. 19 (Sup. Ct. 1933), affirmed 115 N.J.L. 507 (E. & A. 1935). See also Chittenden v. Wurster, 152 N.Y. 345, 46 N.E. 857, 37 L.R.A. 809 (Ct. App. 1897); Annotation, When position deemed confidential within contemplation of soldiers' preference and civil service laws, 146 A.L.R. 818 (1943); cf. The Attorney in the Civil Service, 15 St. John's L. Rev. 220 (1941). In the Norcross case the Sheriff of Camden County appointed Ackley as under-sheriff in 1926 and he served under him and under successor sheriffs until 1938 when the then sheriff-elect terminated his services. He instituted a proceeding claiming tenure as a veteran and exempt fireman; his claim was rejected by the former Supreme Court in an opinion which found that "the legislative intention was to give the sheriff free rein to control the terms of office of his under-sheriffs, to appoint and remove at his pleasure." In the Grece case the judge of the Second District Court of the City of Jersey City appointed Rotherham to be his confidential employee or agent and Rotherham acted as such until the judge terminated his services; he claimed tenure under the Veterans' Tenure Act but Justice Case, speaking for the former Supreme Court, rejected his claim pointing out that his duties were not certain or "assigned by any public law" and that "the occupation is not one to which the Legislature intended to give tenure."
In his reply brief the plaintiff states that he does not question "the right of the sheriff to discharge the under-sheriff" (Ackley v. Norcross, supra), "the right of the prosecutor to dismiss his assistant prosecutor" (Vredenburg v. Sexton, supra) or "the right of a Judge to remove a confidential secretary" (Rotherham v. Grece, supra). Indeed, *332 the plaintiff expressly acknowledges that "of necessity, for the proper functioning of these high offices the incumbent must have free rein to select and remove his very close associates, to whom he entrusts sensitive and private confidences." But he then urges that a legal assistant does not occupy the same confidential relationship to the prosecutor as does the assistant prosecutor or as does the undersheriff to the sheriff or the confidential secretary to the judge. We firmly disagree and need do little more than point out that if the county prosecutor is to discharge his enforcement responsibilities effectively, his legal assistants should have his full trust and confidence in the same manner and to the same extent as do his assistant prosecutors; indeed, in actual practice, his legal assistants have generally been called upon to perform highly sensitive duties identical with those performed by his assistant prosecutors including, inter alia, the presentation of complaints to the grand jury, the prosecution of criminal causes at the trial level and the handling of appeals before the appellate courts including this court. See, e.g., State v. Smith, 21 N.J. 326, 329 (1956); State v. De Meo, 20 N.J. 1, 3 (1955).
Affirmed.
For affirmance  Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO  6.
For reversal  None.