FRANCIS MURPHY, PROSECUTOR, v. THE BOARD OF
CHOSEN FREEHOLDERS OF BERGEN COUNTY, GEORGE
F. LOSCHE AND EDWARD O. WEST, RESPONDENTS.

JULIUS PRUEFER, PROSECUTOR, v. THE BOARD OF
CHOSEN FREEHOLDERS OF BERGEN COUNTY, GEORGE
F. LOSCHE AND EDWARD O. WEST, RESPONDENTS.

Argued October 4, 1932—Decided December 19, 1932.

Before Justices PARKER and LLOYD.

For the prosecutors, *Chandless, Weller & Selser* (*John E. Selser*, of counsel).

For the board of chosen freeholders of Bergen county, *Stanton T. Lawrence*.

For the respondents, *George F. Losche, pro se.*

The opinion of the court was delivered by

LLOYD, J.   In these cases rules were given to the prosecutors to show cause why writs of *certiorari* should not be allowed to review an order made by George F. Losche, Esquire, and the board of chosen freeholders of the county of Bergen in July, 1931, discharging them as investigators in

the prosecutor's office of that county, and removing their names from the county payroll.

Both men were appointed in the summer of 1930, by the then prosecutor, Edward O. West; Mr. West was superseded in the prosecutor's office by George Hobart, Esquire, and he in turn, in July, 1931, by Mr. Losche, both under designation from the attorney-general. Mr. Losche took charge of the office, and, apparently, finding the services of these men unnecessary, wrote to the board of freeholders stating that their services would not be required after July 15th, 1931, suggesting that they be continued on the payroll until August 1st of that year, and their names then removed from the payroll. The board of freeholders passed the confirmatory resolution which it is now sought to review.

Proofs were taken under the rule and these established that the prosecutors are exempt firemen, and their claim is that they held positions by virtue of their appointment by Prosecutor West from which, under chapter 212 of the laws of 1911 they could not be removed except upon formal presentation of charges and a hearing thereon. They contend further that Mr. Losche was without power by virtue of his appointment to remove them and that the board of freeholders was without power in the premises.

Counsel have shown us no specific authority for the appointment of investigators under the prosecutors of this state. The designation by Prosecutor West must therefore have been by virtue of the power reposed in him "to use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws" by the ninety-fifth section of the Criminal Procedure act as amended by chapter 238 of the laws of 1927 (page 775). They, therefore, held no office or position designated either by statute or municipal ordinance. As investigators their services might be temporary or otherwise, dependent upon the needs for their services and the will of the prosecutor of the pleas. As was said in the case of *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200: "An office is a place in a governmental system created or recognized by the law of the state

which, either directly or by delegated authority, assigns to the incumbent thereof the continuous performance of certain permanent public duties. * * * A position is analagous to an office, in that the duties that pertain to it are permanent and certain, but it differs from an office, in that its duties may be non-governmental and not assigned to it by any public law of the state."

As was stated by the present Chief Justice in *Cavanaugh* v. *Board of Freeholders,* 58 *N. J. L.* 531, the protecting acts "did not apply to employments which are occasional or temporary, or where the services to be performed are of a general character and such as may be from time to time directed by a superior without being in any manner indicated by the special nature of the employment."

It cannot, we think, be contended that the prosecutors come within either classification as defined in the first case, or that the services here rendered were other than those of employes performing those services at the will of the prosecutor of the pleas, for the time being.

As to the contention that Mr. Losche was without authority to dispense with the services of the prosecutors, we think that phase of the case is disposed of adversely by the cases of *State* v. *Wilson,* 4 *N. J. Mis R.* 163; *affirmed,* 104 *N. J. L.* 181, and *State* v. *Bolitho,* 103 *Id.* 246; *affirmed,* 104 *Id.* 446.

In the former it was said that the "effect of the designation by the attorney-general was to suspend the prosecutor from taking any part in the prosecution of the criminal business of the county" and all the expenses claimed to have been incurred by him illegal. It would seem to follow that necessarily the appointment by the attorney-general is for the purpose of effecting the performance of the duties of the office, with the right in the appointee to designate his aides within the limitation of law and to incur the expenditures necessary for the detection of crime. It would seem also to follow that this same power would imply the right to dispense with the services of employes who might no longer be needed or who for other reasons he might deem unsuited to the work.

The rules heretofore granted are discharged.