55 N.J. Super. 199 (1959)
150 A.2d 287
DON A. CETRULO, PLAINTIFF,
v.
BRENDAN T. BYRNE, DEPUTY ATTORNEY GENERAL, ACTING PROSECUTOR, ESSEX COUNTY, DAVID D. FURMAN, ATTORNEY GENERAL, JOSEPH P. LORDI, DEPUTY ATTORNEY GENERAL AND THE BOARD OF CHOSEN FREEHOLDERS OF ESSEX COUNTY, A BODY POLITIC OF NEW JERSEY AND THE COUNTY OF ESSEX, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 10, 1959.
*200 Mr. Philip J. Mylod appeared for plaintiff (Messrs. Mylod and Mylod, attorneys).
*201 Mr. Nicholas T. Fernicola, attorney for defendants Board of Chosen Freeholders of Essex County and The County of Essex.
Mr. John F. Crane, attorney for Brendan T. Byrne, Deputy Attorney General, Acting Prosecutor Essex County, David D. Furman, Attorney General, and Joseph P. Lordi, Deputy Attorney General.
COOLAHAN, J.S.C.
The plaintiff, Don A. Cetrulo, filed a complaint in lieu of prerogative writs naming as defendants Brendan T. Byrne, Deputy Attorney General and Acting Prosecutor, Essex County; David D. Furman, Attorney General; Joseph P. Lordi, Deputy Attorney General, the Board of Chosen Freeholders of the County of Essex, and the County of Essex, wherein he alleged that he had, on the 28th day of June, 1956, been appointed to the position of legal assistant prosecutor by a resolution adopted on said day by the Board of Chosen Freeholders of the County of Essex, which said resolution read as follows:
"RESOLVED, upon the recommendation of the Personnel and Civil Service Committee, that Don A. Cetrulo is hereby appointed to the position of Legal Assistant Prosecutor at the salary range heretofore fixed for said position, to commence at the minimum salary of $5,040.00 per annum effective July 16, 1956, to serve until further action of this Board."
That thereafter he qualified and performed the duties of his said employment until February 13, 1959 when he was notified by the Deputy Attorney General, Brendan T. Byrne, who had been appointed to administer the office of the prosecutor following the resignation of Prosecutor Charles Webb, that his duties in the said position of legal assistant prosecutor would be terminated on February 16, 1959.
It is the contention of the plaintiff in this action that he is an honorably discharged veteran of the United States Army Air Force and that he is therefore by virtue of the *202 provisions of the Veteran's Tenure Act, N.J.S.A. 38:16-1, entitled to tenure as a legal assistant prosecutor. He further alleged that a new appointee, Deputy Attorney General Joseph P. Lordi, had reported for work in his place and stead. By virtue of his action he seeks:
(a) That the action of the Deputy Attorney General Brendan T. Byrne be declared null and void.
(b) That he be declared entitled to tenure as legal assistant prosecutor pursuant to the provisions of the Veteran's Tenure Act.
(c) That pending a determination of the issues in this cause the Board of Chosen Freeholders of the County of Essex and the Attorney General of the State of New Jersey and the Deputy Attorney General, be enjoined from interfering with him in the discharge of his duties as a legal assistant prosecutor.
(d) That Joseph P. Lordi, Deputy Attorney General, be removed from his position or office of legal assistant prosecutor.
(e) That he receive back pay from the date of his illegal dismissal.
After the filing of the said complaint the board of chosen freeholders, by notice of motion, sought to dismiss the action against it, alleging that the complaint fails to state a claim of action against the defendant, the Board of Chosen Freeholders of the County of Essex, upon which the relief sought could be granted.
The Deputy Attorney General by motion seeks summary judgment in favor of the defendants upon the ground that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law. The Deputy Attorney General further denies that the defendant, Joseph P. Lordi, was appointed in the place and stead of the plaintiff.
Subsequently the plaintiff, Don A. Cetrulo, filed a notice of motion for summary judgment on his behalf upon the grounds that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.
All of the matters were fully argued before the court and briefs submitted, and I have studied the cases cited in the briefs and have given consideration to the oral arguments for the respective parties to this action and my decision is *203 based upon the following legal conclusions which I am herewith summarizing.
1. In the absence of an expressed statutory authorization the prosecutor possesses the power to appoint legal assistants and other personnel required by the prosecutor to carry out the functions of his office. Murphy v. Board of Chosen Freeholders of Bergen County, 110 N.J.L. 9 (Sup. Ct. 1932). In the Murphy case it was held that such power flows from the prosecutor's powers as now set forth in N.J.S. 2A:158-1, etc. While the same dealt with the appointment of the office of county investigator in the prosecutor's office, the court stated that such appointments were "temporary or otherwise, dependent upon the needs for their services and the will of the prosecutor of the pleas."
2. Counsel for the plaintiff in this action relies upon the case of Kessler v. Minard, 134 N.J.L. 583 (Sup. Ct. 1946). That case dealt with an appointment by the Prosecutor of a Legal Assistant, which appointment was approved by the board of chosen freeholders. The court in that case characterized the appointment as one by the board of chosen freeholders under its general powers as set forth in N.J.S.A. 40:21-3. It is my feeling that the prosecutor possessed ample statutory powers of appointment of legal assistants, as indicated in the Murphy case, supra, and even in the Kessler case the actual appointment was made by the prosecutor and confirmed in by the board of freeholders.
3. The statute dealing with the appointment of personnel to the prosecutor's office placed the power of appointment in the hands of the prosecutor, that is: as to assistant prosecutors, N.J.S. 2A:158-15; county detectives, N.J.S. 2A:157-2; county investigators, N.J.S. 2A:157-10. A statute specifically authorizing legal assistants in first class counties having a population not in excess of 800,000, N.J.S. 2A:158-18.1, accords the power of appointment to the prosecutor, and the salaries fixed therefor are subject to the approval of the board of chosen freeholders or the assignment judge of the county, N.J.S. 2A:158-18.2. *204 This statute limits the number of legal assistants and provides the salary range enjoyed by them. This legislation, in my opinion, limits for counties of the class specified the otherwise broad powers of the prosecutor to employ legal assistants under N.J.S. 2A:158-15. The aforesaid statute, as well as the statutes authorizing appointments of county investigators and assistant prosecutors, provides that such appointments shall be at the pleasure of the prosecutor. It is apparent that the legislative design has been to maintain the prosecutor's stout control over these sensitive positions in order that he might fulfill the enormous responsibility reposed in his office. The ordinary duties of a legal assistant to the prosecutor are of equally sensitive nature, for he conducts the prosecution of the trial of criminal cases in his county and may be designated to perform such other duties as assigned by the prosecutor. The prosecutor is responsible for the actions of his assistant prosecutors and his legal assistants, and in the event of any violation of the duties imposed by law upon his assistants, he, the prosecutor, may be supplanted by the Attorney General.
4. The nature of the office of county prosecutor confirms my belief that N.J.S.A. 40:21-3 cannot serve as a vehicle for the appointment of personnel to the prosecutor's office. A county prosecutor ordinarily represents the State in the prosecution of its criminal business within the county. If he himself is not a state officer rather than a county official, it is evident that N.J.S.A. 52:17A-5 sets up several circumstances under which he may be superseded by the Attorney General or his assistants. Such is the situation in the instant case. Appointments by the board of freeholders to the prosecutor's office must be considered in the light of the probability that these situations provided for by the Legislature can and do arise. If such appointments were within the power of the board of freeholders it would in effect allow legal assistant prosecutors to be appointed within an office held by an official who is unquestionably of state rank. If such appointments may be made by the board of freeholders *205 prior to the superseding of a prosecutor by the Attorney General, then such appointments could continue to be made for the Attorney General of the State of New Jersey by the board of freeholders after the prosecutor had been superseded. Where is the line to be drawn? Such a result demonstrates the incongruity of the powers ascribed to the board of freeholders by the plaintiff herein.
From the foregoing I have come to the conclusion that the plaintiff's appointment by the board of freeholders was beyond the scope of the powers of that body. If it be considered that his subsequent service as a legal assistant in the office of the former prosecutor constituted employment by that officer under his general power contained in N.J.S. 2A:158-5, then such employment was dependent upon the will of the prosecutor. Murphy v. Board of Chosen Freeholders of Bergen County, supra. As such it could not go beyond the term of the former prosecutor. It was therefore fixed by law and beyond the protection of the Veteran's Tenure Act.
I will therefore grant the motion on behalf of the board of chosen freeholders, grant the motion for summary judgment on behalf of the Attorney General and deny the motion for summary judgment by the plaintiff.