282 N.J. Super. 530 (1995)
660 A.2d 1217
IN THE MATTER OF CHIEF CLERK, CLERK, AND PRINCIPAL CLERK TYPIST, CAMDEN COUNTY, SPECIAL REEMPLOYMENT LISTS, OFFICE OF THE PROSECUTOR.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1995.
Decided July 6, 1995.
*532 Before Judges HAVEY, BROCHIN and CUFF.
Joseph F. Audino, First Assistant Prosecutor, argued the cause for appellant Camden County Prosecutor (Edward F. Borden, Jr., Camden County Prosecutor, attorney; Mr. Audino, of counsel; Mr. Audino, Roseann A. Finn and Jack L. Weinberg, Assistant Prosecutors, on the brief).
June K. Forrest, Senior Deputy Attorney General, argued the cause for respondent New Jersey Merit System Board (Deborah T. Poritz, Attorney General of New Jersey, attorney; Mary C. Jacobson, Assistant Attorney General, of counsel; Ms. Forrest, on the brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
The Camden County Prosecutor has appealed from a final decision of the Merit System Board of the New Jersey Department of Personnel which certified Camden County special reemployment lists to the prosecutor's office for the titles of chief clerk, *533 principal clerk typist and clerk. The prosecutor contends that the decision of the Merit System Board was arbitrary, capricious and unreasonable and that the Board erroneously treated the appeal as an application for reconsideration of its January 7, 1992 decision. For the following reasons, we reject the Camden County Prosecutor's arguments and we affirm the decision of the Merit System Board.
The July 28, 1993 decision of the Merit System Board directly affects the employment of three of the Camden County Prosecutor's provisional employees. One of these employees currently holds the position of chief clerk; the second is the principal clerk typist; and the third holds the position of clerk. The first two are long-time employees of the prosecutor's office who were provisionally appointed to the positions they now hold when those positions became vacant. The third person was recently hired by the prosecutor's office as a provisional employee.
The Camden County Prosecutor concedes that his office is subject to the provisions of Title 11A and that the positions at issue here are positions in the competitive division of the career civil service. N.J.S.A. 11A:3-2.1a (civil service appointments, as far as practicable, shall be competitive). Under the civil service statutes, a "permanent employee" is "an employee in the career service who has acquired the tenure and rights resulting from regular appointment and successful completion of the working test." N.J.A.C. 4A:1-1.3; N.J.S.A. 11A:1.2.e. A permanent employee in the competitive civil service is afforded substantial protection against dismissal or demotion:
A permanent employee may be laid off for economy, efficiency or other related reason. The employee shall be demoted in lieu of lay off whenever possible.... The Board shall adopt rules regarding the order of lay off and employee rights upon recommendation by the commissioner.

N.J.S.A. 11A:8-1.
A provisional appointee does not enjoy the job protection accorded to a permanent employee. Under the civil service regulations and statutes, a provisional appointee holds his or her "employment in the competitive division of the career service pending *534 the appointment of a person from an eligible list." N.J.A.C. 4A:1-1.3.
The legislature has placed a high priority on safeguarding the employment rights of permanent civil service employees. To safeguard those rights, a permanent employee who suffers the loss of employment enjoys "a special reemployment right" to a position with the same title or to a similar lower or lateral position, provided the positions are vacant or held by provisional appointees. The pertinent regulation provides:
A special reemployment right means the right of a permanent employee, based on his or her permanent title at the time of the layoff action, to be certified for reemployment after the lay off to the same, lateral and lower related titles. Special reemployment rights shall be determined by the Department of Personnel in the same manner as lateral and demotional rights.

N.J.A.C. 4A:8-2.1(c).
When the Department of Personnel has certified a list of appointees eligible for appointment to a particular position, the appointing authority must hire or promote from that list. N.J.S.A. 11A:4-9; N.J.S.A. 11A:4-12. The Commissioner of the Division of Civil Service is authorized to establish lists of persons eligible for "special reemployment." The persons on these special reemployment lists "include permanent employees laid off or demoted in lieu of lay off from permanent titles." N.J.S.A. 11A:4-9(e). Except in limited circumstances, a special reemployment list has the highest priority; that is, vacancies must be filled by appointing eligible persons on the special reemployment list in preference to eligible persons on promotional lists or competitive lists. N.J.S.A. 11A:4-12. The implementing regulation, N.J.A.C. 4A:8-2.3(b)(1) states in part:
Special reemployment lists shall take priority over all other reemployment lists, open competitive lists and lateral title changes pending examination (see N.J.A.C. 4A:4-7b(c)), except those resulting from position reclassification, for the entire jurisdiction (see N.J.A.C. 4A:8-2.1(c)(1)). Special reemployment lists shall also take priority over promotional lists for the State department, autonomous agency or local department where the lay off occurred.
Permanent civil service employees on special reemployment lists because they have been laid off from their positions are entitled to replace employees in comparable positions who have not been permanently appointed in the classified service.
*535 See Department of Civil Service v. City of Newark, 131 N.J. Super. 275, 277, 329 A.2d 572 (App.Div. 1974); Housing Authority of Jersey City v. Department of Civil Service, 87 N.J. Super. 146, 147, 208 A.2d 416 (App.Div. 1965).
Our decision of this case is based on one other important piece of the regulatory framework. The entire state government is a single unit for the purpose of determining eligibility for reemployment. However, employees of one local government do not enjoy reemployment rights to positions in another local government. For example, an employee dismissed by the City of Newark has no special right to reemployment in a comparable position in the government of the City of Jersey City. The pertinent Department of Personnel regulation states:
A special reemployment list from one governmental jurisdiction shall not be certified to another jurisdiction.
i. In local service, for the purposes of this chapter, an autonomous agency shall be considered a separate jurisdiction. An autonomous agency is one which, by statute, is a body corporate and has the powers of an appointing authority. [Emphasis added.]
ii. In state service the entire state government constitutes a single jurisdiction.

N.J.A.C. 4A:8-2.1(c)1.
If the Camden County Prosecutor's office and the other offices of the Camden County governmental structure are "one governmental jurisdiction" for purposes of special reemployment rights, then a strict reading of these statutes and regulations leads to the result which has been reached by the Department of Personnel. That is, eligible persons on a county-wide special reemployment list are entitled to fill the positions at issue in this case and to displace the present incumbents who are merely provisional appointees. The last quoted regulation of the Division of Personnel supports that result because "in local service" only "an autonomous agency" is to be considered "a separate jurisdiction" and "an autonomous agency" is defined as one which is both "an appointing authority" and, "by statute ... a body corporate." The prosecutor is concededly "an appointing authority." Cetrulo v. Byrne, 55 N.J. Super. 199, 203, 150 A.2d 287 (Law Div. 1959), aff'd, 31 N.J. 320, 157 A.2d 297 (1960) (county prosecutor possesses *536 power to appoint legal assistants and other personnel required to carry out functions of his office). Just as clearly, however, it is not "by statute ... a body corporate." Therefore, the decision of the Merit System Board is subject to reversal only if N.J.A.C. 4A:8-2.1(c)1 is invalid.
The prosecutor emphasizes that his office demands special integrity and trustworthiness in its employees. However, he has not raised any questions about the personal integrity or trustworthiness of the persons who have been certified as eligible to fill the positions at issue. At oral argument, the Deputy Attorney General representing the Department of Personnel pointed out that civil service clerical positions in the State Attorney General's Office are subject to being filled from statewide reemployment lists. The Deputy Attorney General also assured us that the Department of Personnel would be particularly sensitive to the special qualifications required for persons working in a law enforcement agency if an issue was appropriately raised about the qualifications of one or more persons certified as eligible.
The Prosecutor has also stressed that the provisional chief clerk and, perhaps, one of the other provisional appointees have been extensively trained in the use of the special computer system relied on by the prosecutor's office. He argues that the efficiency of his office should not be sacrificed by compelling him to replace employees who are already trained with employees who will require new training. However, the relative weight to be given to efficiency on the one hand and to the reemployment rights of permanent civil service employees on the other is a policy issue which has been decided by the legislature. That decision has been made in favor of reemployment rights and we are bound by it.
Our role in reviewing the decision of an administrative agency is limited to assuring that that decision is not arbitrary or unreasonable. Public Service Electric & Gas Co. v. Department of Environmental Protection, 101 N.J. 95, 103, 501 A.2d 125 (1985); New Jersey Association of Health Care Facilities v. Finley, 83 N.J. 67, 79, 415 A.2d 1147 (1980), cert. denied, 449 U.S. *537 944, 101 S.Ct. 342, 66 L.Ed.2d 208 (1980). In making that determination, we are to consider whether the agency action violates the enabling act's legislative policies; whether there is substantial evidence in the record to support the findings upon which the agency based its application of those legislative policies; and whether, in applying the legislative policies to the facts, the agency clearly erred by reaching a conclusion that could not reasonably have been made upon a consideration of the relevant factors. Dennery v. Board of Education, 131 N.J. 626, 641, 622 A.2d 858 (1993); Public Service Electric & Gas Co., supra, 101 N.J. at 103, 501 A.2d 125; Barry v. Arrow Pontiac, Inc., 100 N.J. 57, 71, 494 A.2d 804 (1985). Furthermore, although we are not bound by the administrative agency's interpretation of the statute which it administers, the construction which the agency has placed upon the statute is entitled to a presumption of reasonableness. New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 561, 384 A.2d 795 (1978); see also Cedar Cove, Inc. v. Stanzione, 122 N.J. 202, 212, 584 A.2d 784 (1991) (the meaning ascribed to legislation by the agency responsible for its implementation is persuasive evidence of the legislature's understanding of its enactment). Similarly, the Supreme Court has stated that an agency's interpretation of a rule or regulation is presumptively valid. Medical Society of New Jersey v. New Jersey Department of Law And Public Safety, 120 N.J. 18, 25-26, 575 A.2d 1348 (1990). Judged by these standards, we are unable to conclude that N.J.A.C. 4A:8-2.1(c)1 is arbitrary, unreasonable or otherwise invalid as applied to the facts of this case.
Whether or not the prosecutor's appeal from the decision of the Department of Personnel which resulted in the Merit System Board's decision of July 28, 1993 was an application for reconsideration of its prior decision is immaterial. However the appeal may have been denominated, it is clear to us that the Merit System Board gave the matter thorough consideration on the merits and reached the correct result.
The judgment appealed from is therefore affirmed.