COUNTY OF BERGEN, APPELLANT, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, *ET ALS.*, RESPONDENTS, v. ROY MORRISEY AND COUNTY DETECTIVES ASSOCIATION OF NEW JERSEY, INTERVENORS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 10, 1971—Decided June 7, 1971.

Before Judges CONFORD, KOLOVSKY and CARTON.

*Mr. Edwin C. Eastwood, Jr.,* Assistant County Counsel, argued the cause for appellant (*Mr. Michael J. Ferrara,* County Counsel, attorney).

*Mr. David S. Litwin,* Deputy Attorney General, argued the cause for respondents (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

Statement in lieu of brief filed on behalf of County Detectives Association of New Jersey, Inc. by Paul R. Williams, Jr.

The opinion of the court was delivered by

CARTON, J. A. D. The main question required to be resolved on this appeal is whether a county board of chosen freeholders or the county prosecutor, as employers, have the power and authority to transfer members from the county police force to full-time investigative positions in the prosecutor's office without first obtaining approval from the Civil Service Commission.

The issue comes before us as the result of an appeal by plaintiff County of Bergen from an order of the Civil Service Commission directing that a competitive examination be held for county detective's positions in that county. Plaintiff brought an action in the Superior Court to enjoin the scheduled examination, the publication of the list of grades resulting from that examination, and to prevent the Civil Service Commission from disapproving the payroll of the county police officers presently assigned to the prosecutor's office.

The Law Division declined to restrain the examination, but did issue a show cause order and restraint against publishing the examination grades and against disapproval of the payroll. After a hearing on the order to show cause, the Law Division transferred the matter to this court on the ground that the complaint involved a challenge to a final determination of a state administrative agency. *R.* 2:2–3(a)

(2). The restraints previously imposed were continued pending order of this court. We accelerated this appeal because of the important public issue involved.

The factual background is not in substantial dispute. Since 1966 a practice of transferring members of the county police department to full-time investigative work in the county prosecutor's office has existed in Bergen County. This practice, originally adopted by agreement between the county freeholders, a former chief of county police, and the former prosecutor, has been continued to the present time without being approved or sanctioned by the Civil Service Commission. Under this arrangement a total of 21 county police officers are now assigned to the prosecutor's staff in investigative positions.

As a result of complaints made to it, the Department of Civil Service conducted an investigation and condemned the practice as unauthorized and contrary to law. The Civil Service Commission then issued the order presently under appeal directing that a competitive examination be held for the position of Bergen county detective. An examination was held on September 18, 1970 but the results have not yet been published.

█ Plaintiff's position is that the board, as employer of the county police, has the right to assign them to duties in the prosecutor's office by virtue of the power conferred upon it by the Legislature to establish a county police force. That legislation does indeed authorize the board to establish a police force for regulation of traffic *N. J. S. A.* 40:22–1. Its provisions empower officers so appointed to enforce the motor vehicle laws, to regulate traffic, and to arrest for the commission of any crime in any part of the county *N. J. S. A.* 40:22–2 and 5.

But even if we assume the correctness of plaintiff's argument that county policemen are law enforcement officers and not merely traffic police, the general power to create such a law enforcement body cannot be interpreted to include the right to transfer the members of that force, designated

as a classified service, to another Civil Service position (even assuming the similarity of such positions) without the knowledge and consent of the Civil Service Commission.

Indeed, *N. J. S. A.* 11:22–8 carefully prescribes the pre-requisites to the granting of approval of any such transfer:

> A person holding an office or position in the classified service may, on his own request and with the consent of the commission, be transferred to a similar office or position in another office, department or institution. No transfer shall be made from an office or position in one class to that of another class nor to an office or position for original entrance to which there is required by this subtitle, or the rules adopted pursuant thereto, an examination involving essential tests or qualifications different from or higher than those required for original entrance to an office or position held by such person.

This section is expressive of the legislative scheme, evidenced in other provisions of the Civil Service Act, that transfers shall not be a matter of routine but made only under conditions and upon terms which harmonize with the overall concept of the Civil Service system. Even in the case of temporary transfers, although consent of the employee is unnecessary, such transfers are governed by rules approved by the Commission and such placements are subject to its review *N. J. S. A.* 11:11–3; *N. J. A. C.* 4:15–4.

Nor does the fact that the Legislature has imposed upon the prosecutor's office the general duty of enforcing the law add to the persuasiveness of plaintiff's argument. The prosecutor is obliged to "use all reasonable and lawful diligence for the detection, arrest indictment and conviction of offenders against the laws." *N. J. S. A.* 2A:158–5. To this end the Legislature has conferred upon the prosecutor authority to appoint county detectives (*N. J. S. A.* 2A:157–2) and county investigators (*N. J. S. A.* 2A:157–10). But the exercise of that power to appoint must be in keeping with limitations contained in the other pertinent provisions of the statutory grant of authority.

With respect to the position of county detective, *N. J. S. A.* 2A:157–2 provides:

The prosecutor in each of the several counties of this State may appoint such number of suitable persons, not in excess of the number, and at salaries not less than the minimum amounts, in this chapter provided, to be known as county detectives, to assist the prosecutor in the detection, apprehension, arrest and conviction of offenders against the law. *Persons so appointed shall be in the classified service* of the civil service and shall possess all the powers and rights and be subject to all the obligations of police officers, constables and special deputy sheriffs in criminal matters. [Emphasis added]

The underscored portion of this provision makes it clear that the Legislature intended the appointment of county detectives to be controlled by the Civil Service provisions, particularly those pertaining to the classified service. The appointments must be made according to merit as determined by competitive examinations — not by personal choice of the prosecutor.

The position of county investigator differs from that of county detective. *N. J. S. A.* 2A:157–10 provides:

In addition to the office of county detective, there is created in the office of the prosecutor, the office or position of county investigator which shall be in the unclassified service of the civil service. The prosecutor of each of the several counties of this state may appoint such number of suitable persons, not in excess of the number, and at salaries not less than the minimum amounts, in this act provided, to be known as county investigators, to serve at his pleasure and subject to removal by him, and to assist the prosecutor in the detection, apprehension, arrest and conviction of offenders against the law. Persons so appointed shall possess all of the powers and rights and be subject to all the obligations of police officers, constables and special deputy sheriffs, in criminal matters.

The position of investigator is within the unclassified service. Such an employee serves at the pleasure of the prosecutor.

The prosecutor has power under this provision to appoint to the unclassified position of county investigator any qualified individuals, including members of the Bergen county police. In such case, however, county policemen so appointed would serve at the will of the prosecutor as do all other appointees to the investigator position. They could

not retain the Civil Service status they enjoyed as county police. If the contrary were true, the prosecutor could, in effect, establish the position of county investigator in the classified service. For the same reason, any permanent transfer from the classified service to an unclassified status may not be permitted without subverting the Civil Service scheme.

Nor can the transfer of the 21 employees from the county police to the prosecutor's office as county detectives be justified by virtue of the provisions of *N. J. S. A.* 11 :26B–2. This provision of itself confers no power to transfer. It merely preserves the pension, retirement and annuity rights of employees who have been granted leave of absence for the purpose of serving in a similar position in certain other government offices. Apart from the question whether there has been compliance with other statutory conditions to the granting of such transfers (*N. J. S. A.* 11 :22–8 and *N. J. S. A.* 11 :26B–1 to 11 :26B–3), plaintiff county neither sought nor obtained consent of the Commission prior to such transfers. Significantly, the Commission expressly disapproved them upon their discovery. Thus, up to the time of the institution of the present proceeding none of these transfers was in accordance with the statutory requirements and therefore cannot be held to have been validly made.

■ Contrary to the county's assertion, there is no basis for permitting an application for lateral transfers at this time. The Commission has already made the factual determination that irrespective of compliance with the statutory notice and consent requirements, the positions of county policeman and county detective are substantially dissimilar. The wholesale transfer of county police to the county detective service was considered "highly irregular" in that it "violated the applicable statutes as well as the rules and administrative policies of the Civil Service Commission and the Department of Civil Service." These determinations find ample support and we may not disturb them.

The action of the Department of Civil Service is affirmed and the stays heretofore granted against it are dissolved.