JOHN N. ZAMBONI, PLAINTIFF, v. JOHN H. STAMLER, UNION COUNTY PROSECUTOR'S OFFICE, ET ALS., DEFENDANTS.

DETECTIVE RICHARD J. LAZO, DETECTIVE NICHOLAS GALLIC-CHIO AND DETECTIVE MICHAEL J. HUGHES, PLAINTIFFS, v. JOHN H. STAMLER, UNION COUNTY PROSECUTOR, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided March 6, 1984.

*Robert Bradley Blackman,* for plaintiff Zamboni.

*Joseph C. Woodcock, Jr.* and *Brian J. Neary,* for plaintiffs Lazo, Gallicchio and Hughes.

*Frank P. Addas,* for defendant Wlazlo.

*Richard P. Rodbart,* for defendant Stamler.

*Kenneth N. Siegel,* for defendant Union County Prosecutor's Office.

Richard P. Mason, defendant, pro se.

## OPINION

BEGLIN, A.J.S.C.

These consolidated actions raise significant issues regarding the authority of county prosecutors to make appointments to positions of superior officers in the investigative staff in the unclassified service.

The County Detectives and County Investigators Act (Revision of 1951, *N.J.S.A.* 2A:157–1 *et seq.*, (hereafter "the act") vests in each prosecutor the power to appoint county detectives and county investigators. County detectives are in the classified service of the civil service and "shall possess all the powers

and rights and be subject to all the obligations, of police officers, constables and special deputy sheriffs in criminal matters." *N.J.S.A.* 2A:157–2. The prosecutor is authorized to appoint up to a certain number of suitable persons (with specified minimum salaries) depending upon the class of the county, "to be known as county detectives, to assist the prosecutor in the detection, apprehension, arrest and conviction of offenders against the law." *Ibid.* The act goes on to specify, again depending upon the class of county, the number and titles of superior officers within the detective ranks, *e.g.*, chief, deputy chief, captain, lieutenant and sergeant. *See N.J.S.A.* 2A:157–3 through 9.

The additional office or position of county investigator in the office of the prosecutor is authorized by *N.J.S.A.* 2A:157–10. The functions, powers and obligations of county investigators are identical with those of county detectives, but the office or position is placed in the unclassified service of the civil service, county investigators serve at the pleasure of the prosecutor and are subject to removal by him. *Ibid.* Their number and minimum salaries also depend upon the class of the county. *N.J.S.A.* 2A:157–11 through 16. With respect to superior officers within the investigator ranks, however, the act is silent.

In Union County, a county of the second class with a population of approximately 504,000 (1980 U.S. Census), the prosecutor is authorized to appoint not in excess of 28 county detectives, one of whom may be designated as chief of county detectives, one as deputy chief of county detectives, one as captain of county detectives, six as lieutenants of county detectives and four as sergeants of county detectives. *N.J.S.A.* 2A:157–4(b). Some, if not all, of these superior officer positions have been filled for some time. The statutory scheme also authorizes not in excess of 30 county investigators to be appointed by the prosecutor, given the population of the county.

Late in 1982, Prosecutor Stamler sought to reorganize the Detective Bureau, and in so doing to consider for promotion to

superior officer positions those presently serving as county detectives and county investigators. This was apparently the first time county investigators were to be considered for and promoted to superior officer positions. All promotions were to be made solely within the county investigator rank. Accordingly, county detectives who desired to be considered for promotion were requested to execute Civil Service Form 6, a "Request for Personnel Action," so as to effect a leave of absence from the classified service and request a change in job title classification to county investigator.[1] After completion of an evaluation process, the prosecutor determined those persons to be promoted. It is clear the prosecutor sought by this plan to place primary responsibility upon the investigative staff for assistance in "the detection, apprehension, arrest and conviction of offenders against the law." *N.J.S.A.* 2A:157–10.

Effective March 1, 1983, nineteen promotions took place, all within the investigative ranks: four lieutenants of county detectives were promoted to captains of county investigators; three sergeants of county detectives were promoted to lieutenants of county investigators; and twelve county investigators were promoted to sergeants of county investigators. [All seven classified employees had executed six-month leave of absence and job classification request forms].

Plaintiff Zamboni, a lieutenant of county detectives, was considered but not promoted. He alleges he executed the CS–6 forms reluctantly, if not under duress, but in any event they were not accepted or signed by the prosecutor. Plaintiffs Lazo, Gallicchio and Hughes, county detectives, did not apply for leaves of absence nor request a change in their classifications. Accordingly, they were not considered for promotion by the

---

[1]*See N.J.S.A.* 11:24A–6.1 and *N.J.A.C.* 4:1–17.1 *et seq.*

prosecutor. Further, they claim now to be supervised by persons lacking authority to perform supervisory duties.[2]

All parties have moved for summary judgment.[3] There being no genuine questions of material fact on the issue of the authority of the prosecutor to appoint superior officers within the unclassified investigator ranks, the matter is ripe for determination in this fashion. *R.* 4:46–1, *et seq.* and *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67 (1954). Fact issues remain in the civil service forum, but the parties in these circumstances are not required first to exhaust their administrative remedies before addressing the basic question of law. The exhaustion of remedies requirement embodied in *R.* 4:69–5 is neither jurisdictional nor absolute, and is not applied where the issue is one of law not involving administrative expertise or discretion. Where remaining issues do require factual findings and expertise, the parties should to that extent exhaust their administrative remedies. *Brunetti v. New Milford,* 68 *N.J.* 576, 588–591 (1975); *Rolleri v. Lordi,* 146 *N.J.Super.* 297, 302 (App.Div.1977).

What, then, is the sense of the statutory scheme? Is it significant that the act specifically authorizes county detectives of superior rank but is silent as to county investigators of

---

[2]Due to the relief being requested, the Court directed that all other county detectives be joined as parties defendant and served with the Amended Complaint. *See N.J.S.A.* 2A:16–56 & 57. With the exception of defendant Mason, those served indicated in writing they did not intend to retain counsel or participate. Defendant Mason, as captain of county detectives, has sought a Civil Service desk audit of the duties he is now performing, contending county investigator functions fall outside his job classification. To that extent his position is the same as plaintiffs. He too signed the CS–6 form but it was not approved by the prosecutor, and he therefore was not promoted within the investigator ranks. Plaintiff Zamboni has also sought relief from the Civil Service Commission, claiming, *inter alia,* that as a result of the reorganization he has been assigned duties outside his job classification. Those matters remain pending. Plaintiffs Lazo, Gallicchio and Hughes also sought Department of Civil Service review.

[3]All other issues were determined at the motions hearing, with only the fundamental legal question being reserved for written decision.

superior rank? Any inquiry in this area must commence with the seminal case of *State v. Winne*, 12 *N.J.* 152 (1953), which dealt with an indictment charging a county prosecutor with criminal nonfeasance. As here, the *Winne* Court found it necessary to examine the broad statutory powers of a county prosecutor.

A county prosecutor, in prosecuting the criminal business of the state, *N.J.S.A.* 2A:158-4, "shall use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws." *N.J.S.A.* 2A:158-5. In exercising these powers and discharging these duties, he is authorized to hire both detectives and investigators "to assist the prosecutor in the detection, apprehension, arrest and conviction of offenders against the law." *N.J.S.A.* 2A:157-2 and 10. As noted in *Winne*, the Legislature was "careful not to curtail the prosecutor's power to incur expenses in and about his statutory duties." *Winne, supra*, 12 *N.J.* at 167. The act in its present revised form continues the directive of the predecessor in this respect. *N.J.S.A.* 2A:157-19. In reviewing this legislation, Chief Justice Vanderbilt in *Winne, supra*, stated:

> The statutes reflect not a sporadic intent but a fixed legislative policy to cast on the county prosecutor responsibility for the detection, apprehension, arrest and conviction of criminals in his county. Nor has the Legislature merely imposed duties of vast importance to the public on the county prosecutor. Not only has it seen to it that his office is staffed with assistant prosecutors, county detectives and county investigators. It has given him power not paralleled elsewhere in the county to incur expenses in "the detection, arrest, indictment and conviction of offenders" against the law.

Here again the revised statute does not depart in any significant respect from the language of its predecessor, that *Winne* referred to, which authorizes payment of "(a)ll necessary expenses incurred by the prosecutor." *N.J.S.A.* 2A:158-7. "Clearly the Legislature intended to give [the prosecutor] dominant position and the primary responsibility for the enforcement of the criminal laws, not merely by conferring authority on him but by giving him the means of implementing such authority." *Winne, supra*.

This analysis was repeated by the Supreme Court in *Cetrulo v. Byrne*, 31 *N.J.* 320, 328 (1960), in discussing the position of legal assistant prosecutor:

The Legislature as well as the courts have long recognized the strong policy considerations which dictate that since the county prosecutor is charged with heavy enforcement responsibilities he must be given broad powers to appoint his own personnel; thus he appoints his own assistant prosecutors and investigators within the maxima prescribed by statute (*N.J.S.* 2A:158–15; *N.J.S.* 2A:157–10 to 16) and although his detectives are in the classified service of the civil service (*N.J.S.* 2A:157–2) he fills any vacancies which occur within the prescribed statutory provisions embraced in *N.J.S.* 2A:157–3 to *N.J.S.* 2A:157–9. If he needs additional assisting personnel he appoints them within the limitations prescribed by law and the judicial decisions.

The Appellate Division, in determining that a prosecutor is not required to prefer county detectives over investigators in making appointments, and specifically not required to appoint detectives up to the statutory limit before filling any vacancies occurring among investigators, compared the two positions:

As we have seen, the Legislature established the positions of detectives and investigators. Although the powers and rights of both are identical, investigators were expressly excluded from the classified service of Civil Service. The clear legislative purpose and plan in providing for investigators was to "[afford] to the county prosecutor a confidential investigatory staff serving at his pleasure and removable at his will notwithstanding the terms of any earlier tenure enactments." *Brennan v. Byrne*, 31 *N.J.* 333, 336 (1960). We do not consider the holders of the two positions to be "fungible," as did the trial judge here. Despite the identity of duties and responsibilities among detectives and investigators, it is clear that the Legislature intended to vest in the prosecutor a great deal of latitude and discretion in the selection of his investigative staff, with the tenured position of county detective balanced by investigators serving at his pleasure in whom, as was aptly put in the statement attached to the original bill creating the position (which became L.1931, c. 164), "he has that degree of confidence resulting from personal, intimate knowledge." *Rolleri v. Lordi, supra,* 146 *N.J.Super.* at 306.

It follows from the above that the prosecutor has the power to specify the particular duties of the county detectives and investigators appointed by him. Those duties, under the act, are identical in all respects. In counties of the first and second class, where as many as fifty detectives may now be appointed, provision is made for designation of certain superior officers. Obviously, with a staff of detectives that large, efficient administration would require that the office be organ-

ized in such a fashion with a clearly defined chain of responsibility and command. Does the same statute not permit similar organization of a staff of up to thirty investigators? [4] It appears clear that the right to designate investigative authority and to appoint such a sizeable staff of investigators carries with it the power to create similar superior officer positions. The absence of specific statutory authorization does not preclude a prosecutor from establishing superior officer positions in the county investigator category and then making appointments thereto from among the investigators.

■ Nothing in the act or the Civil Service Act, *N.J.S.A.* 11:19-1 *et seq.* and 24A-1 *et seq.* precludes a prosecutor from granting to county detectives an indefinite leave of absence not to exceed six months (but subject to renewal for subsequent periods) and appointing such detectives as county investigators. So long as civil service rights, privileges and benefits are retained, accepting appointment as an investigator produces a change in form, not in substance. It follows that the prosecutor may then promote such detectives, along with county investigators, as superior officers within the investigator ranks.

While county detectives enjoy civil service status and investigators serve at the pleasure of the prosecutor and are subject to removal by him, such does not defeat the power to appoint superior investigator officers. It is urged that the act, in creating that distinction, intends to limit superior officer positions to detectives because they are experienced, insulated from political pressure, and offer stability extending beyond the term of office of a particular prosecutor. Nevertheless, the same act defines the duties of each in identical language and authorizes appointment of sizeable numbers of each. It appears the absence of designated superior officer positions from the statu-

---

[4]Indeed, in all second class counties having a population not in excess of 580,000, a greater number of county investigators than detectives is authorized. *N.J.S.A.* 2A:157-4 and 12.

tory sections dealing with county investigators represents nothing more than a legislative recognition of the unclassified, untenured nature of the office itself. That a detective may as a result now be supervised by such a superior does not mean that superior officer lacks authority to act, nor does it mean the prosecutor is doing away with the classified structure. He has the power, under clear legislative authority, to appoint and organize such a confidential investigatory staff. *See also Brennan v. Byrne*, 31 *N.J.* 333, 336 (1960) and *Bergen Cty. v. N.J. Civil Service Dept.*, 115 *N.J.Super.* 90, 95 (App.Div.1971). The county detective who declines to request a leave of absence remains in the classified service without change in salary or title. That detective has been deprived of the opportunity to be promoted for the remainder of the prosecutor's term, but such is a permissible result under the statutory scheme.

For all of these reasons, Prosecutor Stamler had authority to make promotions in the manner described above to superior officer positions in the county investigator staff. Defendants' motion for summary judgment is granted and plaintiffs' motions denied. The Order dismissing the Amended Complaint of plaintiff Zamboni and the Complaint of the other plaintiffs, with prejudice, has accordingly been entered.